## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEVIN FERGUSON,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**HARLEY-DAVIDSON FINANCIAL<br> SERVICES, HARLEY-<br> DAVIDSON CREDIT and<br> REGIONAL ADJUSTMENT<br> BUREAU, INC.**<br><br>    **Defendants.** | )<br>)<br>)<br>)  **Case No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  <u>**JURY TRIAL DEMANDED**</u><br>)<br>) |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Kevin Ferguson, through his undersigned attorney, and for his Complaint, states as follows:

  1.  Plaintiff Kevin Ferguson resides at 402 West Congress, Pacific, MO 63069, within the jurisdiction of this Court.

  2.  Defendant Harley-Davidson Financial Services is a corporation incorporated under the laws of the state of Delaware, and is licensed to do business in, and is doing business in the state of Missouri, with its principal place of business at 222 West Adams Street, Suite 2000, Chicago, IL 60606.  It is, upon information and belief, the parent organization of Defendant Harley-Davidson Credit, which operates from the following address: Harley-Davidson Credit, P.O. Box 21849, Carson City, NV 89721.

  3.  Defendant Regional Adjustment Bureau, Inc. is a corporation incorporated under the laws of the state of Texas, and at all relevant times, was licensed to do business in, with its

principal place of business at 3310 Keller Springs Road, Carrollton, TX 75006.

4.     This action is brought for damages due to violations of the Fair Credit Reporting

Act, 15 U.S.C.A. Sections 1681 et seq.

5.     Jurisdiction is conferred upon this court by the Fair Credit Reporting Act, 15

U.S.C.A. 1681(p).

6.     At all relevant times, each of the Defendants were consumer-reporting agencies, in

the ordinary course of their businesses, being engaged in the preparation, sale and distribution of

information on consumers, including consumer reports, through the mail and by computer and

facsimile transmission, to its customers, including the State of Missouri.

7.     On March 30, 2012, Plaintiff was delinquent in payment of a debt in the amount of

$11,628 owed to Defendant Harley Davidson Credit, a financial institution, upon information

and belief, that is a part of Defendant Harley-Davidson Financial Services.  Defendant Regional

Adjustment Bureau assisted the other Defendants in attempting to collect this debt from Plaintiff.

8.     On or about March 30, 2012, Defendant Harley-Davidson Credit received the

settlement amount of $5,321.00, in settlement of the debt in Paragraph 7 above.  Such receipt is

recorded in a letter dated August 6, 2012 from Defendant Harley-Davidson Financial Services, a

copy of which is attached hereto as Exhibit A, and the letter of Defendant Regional Adjustment

Bureau dated March 30, 2012.

9.     In the August 6, 21012 letter that is attached hereto as Exhibit A, Defendant

Harley-Davidson Financial Services undertakes to update the "major credit reporting agencies"

informing them that Plaintiff's account was "settled in full, for less than full balance."  However,

none of the Defendants, for a substantial period after Plaintiff made the settlement payment,

informed any of the credit reporting agencies that the account had been settled.

10.     For a substantial period of time after Plaintiff made the settlement payment, the full debt to Defendants Harley-Davidson Financial Services and Harley-Davidson Credit remained on credit reports concerning Plaintiff, despite his effectuating the settlement with those entities, and the undertaking by those Defendants to inform the agencies of the settlement.  Such debt remained on the credit reports until Plaintiff requested an independent credit-repair service to assist him in having the reference to the debt removed, sometime after March 2013.

11.     Upon information and belief, the credit reporting agencies, on more than one occasion, distributed information and consumer reports that contained information that was obsolete because of the action and inaction of Defendants regarding the debt, and reporting the settlement of the debt to the Harley-Davidson Defendants.

12.     Defendants were negligent in failing to follow reasonable procedures, which they had undertaken, to assure the maximum accuracy of the information reported on Plaintiff, thereby violating the Fair Credit Reporting Act, 15 U.S.C.A. Section 1681(e).

13.     The actions of Defendants as described herein have caused the Plaintiff to be denied credit and/or favorable credit terms on at least one occasion, thereby causing Plaintiff to incur additional interest costs.

14.     Defendants' actions and inactions have caused Plaintiff to suffer actual damages under 15 U.S.C.A. Sections 1681(n)(1) and 1681(o)(1) and incur attorney's fees.

15.     The actions of Defendants as described above have also caused the Plaintiff extreme embarrassment and humiliation.

16.     The acts of Defendants set forth above were willful, deliberate, malicious, outrageous, and done with reckless and wanton disregard for the rights of Plaintiff.

17.     Plaintiff demands his trial by jury.

WHEREFORE, Plaintiff Kevin Ferguson respectfully requests that:

1.      Plaintiff be awarded actual damages, pursuant to 15 U.S.C.A. Sections 1681(n)(1) and 1681(o)(1);

2.      Plaintiff be awarded reasonable attorney's fees and all costs of these proceedings pursuant to 15 U.S.C.A. Sections 1681(n)(3) and 1681(o)(2);

3.      Plaintiff be awarded punitive damages, pursuant to 15 U.S.C.A. Section 1681(n)(2); and

4.      Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

JERALD A. HOCHSZTEIN, LLC

By:   /s/ Jerald A. Hochsztein
        Jerald A. Hochsztein, #35997MO
        Attorney for Plaintiff
        230 South Bemiston, Suite 1200
        St. Louis, MO 63105
        314-862-3333 (phone)
        314-862-0605 (fax)
        jeraldhoch@yahoo.com